IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AILA TUULIKKI LORING, *et al.*,

   Plaintiffs,

   v.                                         Civil Action No. PX 16-3844

SOUTHERN AIR CHARTER
COMPANY, LTD., *et al.*

   Defendants.

\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending before the Court is Defendant Alpha Gibbs' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) and the common law doctrine of forum non conveniens. *See* ECF No. 93. Gibbs alternatively requests transfer of this action to the Supreme Court of the Bahamas. ECF No. 93. Also pending is Plaintiffs' motion to strike the Defendants' surreply in support of the forum non conveniens motion. For the following reasons, the motion to strike, ECF No. 114, is GRANTED and the motion to dismiss, ECF No. 93, is DENIED.

**I.   BACKGROUND[1]**

On December 2, 2014, Seldon Loring, a citizen of Massachusetts, boarded a Piper PA 31-350 aircraft in Governor's Harbour Airport, Eleuthera, Bahamas, with a final destination of Lynden Pindling International Airport, New Providence Island, Nassau, Bahamas. ECF No. 109 at ¶ 39. Loring had purchased his ticket from Southern Air Company, Ltd. ("Southern Air

---

[1] The following facts are taken from Plaintiffs' Complaint, ECF No. 109, as well as evidence or testimony submitted to the Court during the life of this case. To the extent that the Court describes and considers matters outside the pending motions' pleadings, the Court draws all reasonable inferences and factual conflicts in favor of the non-moving party, Plaintiffs. *Accord Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981); *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005); *see also Nygard v. Dipaolo*, No. 17-60027-UU, 2017 WL 4303825, at \*1 (S.D. Fla. May 23, 2017).

1

Bahamas"), and expected to make the short trip to New Providence Island on a Southern Air Bahamas aircraft. However, the Southern Air Bahamas flight was overbooked, so Southern Air rebooked Loring and his wife, Aila Tulikki Loring, also a Massachusetts citizen, on a Fergs Air Limited ("Fergs Air") flight to the same destination. ECF No. 109 at ¶¶ 30–31. The Lorings did not pay Fergs Air for their tickets, and although the plane was registered to Fergs Air, the flight was operated by Southern Air Bahamas. ECF No. 109 at ¶¶ 30–31. All passengers on the Fergs Air flight purchased their tickets from Southern Air Bahamas, and seven of the eleven passengers were American citizens. ECF No. 98-5; *see also* ECF No. 100-2.

As the aircraft approached New Providence Island, several technical problems forced a crash landing in the ocean. ECF No. 109 at 1. Loring died shortly thereafter from injuries sustained during the crash. ECF No. 109 at 1. All other passengers were taken to a local hospital and treated for their injuries. *See* ECF Nos. 98-5. Southern Air Bahamas employees and the company's lawyer visited the passengers in the hospital, and a Southern Air Bahamas supervisor issued a written report on the incident. *See* ECF No. 100-2.

On or about November 30, 2016, Aila Tuulikki Loring, as Personal Representative of the Estate of Seldon Loring and Leila and Jaana Loring Melia, on behalf of their deceased father, Seldon Loring (collectively "Plaintiffs"), filed a wrongful death action under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. §§ 762 *et cet.*, against Southern Air Bahamas, Southern Air Charter Company, Ltd. ("Southern Air Maryland"), and Alpha Gibbs ("Gibbs"), the president of Southern Air Maryland and, through his accounting firm, the chief financial officer of Southern Air Bahamas. *See* ECF Nos. 71, 72, 73, 92-2 at 10:2–15:17, 92-4 at ¶ 1, 92-9 at ¶ 8. Southern Air Bahamas is a corporation organized under the laws of the Bahamas, whereas Southern Air Maryland is a Maryland corporation, incorporated on May 9, 2013, with its

principal place of business in Prince George's County, Maryland. Gibbs is a citizen of the United States residing in Prince George's County, Maryland. *See, e.g.* ECF No. 109 at ¶¶ 4–6.

All Defendants were served on January 10, 2017, and Southern Air Maryland timely answered the Complaint. ECF Nos. 7, 8, 9, 13. Defendant Gibbs then moved to dismiss the Complaint "for failure to state a claim upon which he can be held personally liable," and Southern Air Bahamas filed a motion to dismiss for lack of personal jurisdiction. ECF Nos. 11 & 12. On February 17, 2017, Plaintiffs moved for leave to conduct jurisdictional discovery under Federal Rule of Civil Procedure 56(d), arguing that this Court had general jurisdiction over all Defendants because Southern Air Bahamas and Southern Air Bahamas were alter-egos of each other, and that Southern Air Bahamas "continuously and systematically" conducted its business in Maryland through the activities and conduct of Defendant Gibbs. *See* ECF No. 25 at ¶¶ 13–14. The Court granted Plaintiffs' motion on March 29. The Court also set new deadlines for the Defendants to renew their motion to dismiss, if it wished, at the close of jurisdictional discovery.

Thereafter, this Court granted multiple extensions of the deadlines for completion of jurisdictional discovery due to the Defendants' dereliction in the discovery process. Plaintiffs filed a letter motion to compel on November 17, explaining that discovery had stalled because Defendants had not provided financial documents for Southern Air Bahamas or Southern Air Maryland, and as such, Plaintiffs could not take the necessary corporate deposition of Southern Air Bahamas. *See* ECF No. 47. Plaintiffs also informed the Court that defense counsel was unresponsive to requests for subpoenaed documents. ECF No. 47; *see also* ECF Nos. 47-1, 47-2, 47-3. The Court held a recorded status conference on November 29, 2017 at which it found that

Defendants were delinquent in producing discovery, and set a discovery of December 1, 2017, where Defendants were to fulfill its obligations or risk sanctions.  *See* ECF No. 51.

Defendants again failed to produce any documents, and on December 4, Plaintiffs moved formally to compel discovery and for sanctions.  *See* ECF No. 52.  Defendants opposed, arguing that Southern Air Maryland and Gibbs had attempted to complete discovery "to best of his ability" and had performed "an exhaustive search for responsive documents" and that "[i]nformation that does not exist cannot be compelled."  ECF Nos. 53 & 57.

On January 12, 2018, Plaintiffs informed the Court, via letter pleading, Plaintiffs had received, by way of third-party subpoena, documents reflecting the sale of two aircraft to Southern Air Maryland, which it "leased" to Southern Air Bahamas for its use and operation. ECF No. 58.  These documents, which were not provided during discovery, supported Plaintiffs' claim that Southern Air Maryland was the functional alter ego of Southern Air Bahamas.  ECF No. 58; *see also* ECF No. 58-7.  Plaintiff also submitted depositions of Alpha Gibbs in his personal capacity and as the corporate designee of Southern Air Maryland under Federal Rule of Civil Procedure 30(b)(6).  *See* ECF Nos. 60 & 61.  The depositions were rife with Gibbs' evasive or non-responsive answers, reflecting an overall intent to thwart rather than facilitate jurisdictional discovery. The Court, therefore, scheduled a motions hearing on the pending motion to compel for January 25, 2018 at which Gibbs' personal appearance was ordered.  *See* ECF No. 59.

Gibbs failed to appear at the January 25th motions hearing, prompting this Court to hold him in contempt.  *See* ECF No. 64.  As grounds in support, the Court noted that Defendants had not participated in discovery in good-faith and willfully ignored the deadlines established by the

Court's previous Orders. ECF Nos. 64 & 65. The Court provided Gibbs an opportunity to purge the finding of contempt by appearing on February 1, 2018. ECF No. 65.

At the January 25 hearing, argument was also heard on the pending motion to compel jurisdictional discovery. ECF No. 64. The Court noted that in light of Defendants' systematic dereliction with respect to conducting jurisdictional discovery, and because Southern Air Bahamas had failed to renew its motion to dismiss for lack of personal jurisdiction by the Court-ordered deadline, any affirmative defenses as to jurisdiction were waived. The Court determined that it retained personal jurisdiction over all three Defendants.[2]

Plaintiffs' motion to compel discovery was also granted. ECF No. 64. As a gesture of good faith and to limit future discovery costs, Defendants volunteered to make all potential witnesses available for deposition near Plaintiffs' home in Boston, Massachusetts. At the same hearing where the Court discussed the propriety of initial disclosures under Federal Rule of Civil Procedure 26, defense counsel represented to the Court that Defendants did not have insurance to cover Plaintiffs' claims. ECF No. 64.

The Court also put in place a series of specific conditions on how merits discovery would proceed so as to ensure Defendants' future compliance and facilitate the orderly progression of this case. Specifically, the Court required Gibbs to produce an under oath affirmation that Gibbs had performed a diligent search and provided in a timely manner all responsive documents within his possession, custody, or control. Further, the Court ordered that any future deposition of Gibbs would take place in the United States District Court Greenbelt Division courthouse to ensure Court's availability in the event Gibbs once again evaded relevant questions. *See* ECF No. 65.

---

[2] Defense counsel agreed on the record that Southern Air Bahamas' had waived all jurisdictional challenges.

The following week, the Court held Gibbs' contempt hearing, and found that by personally appearing and agreeing to participate in discovery meaningfully, Gibbs had purged the contempt. The Court explained to Gibbs his discovery obligations, and again reminded all Defendants that the Court was disinclined to entertain future attempts to delay merits discovery. *See generally* ECF Nos. 64 & 78. Defendants answered the Complaint on February 1, 2018. *See* ECF Nos. 71, 72, 73, 80, 83. The Court thereafter issued a scheduling order including mutually agreed upon discovery deadlines. ECF Nos. 80 & 94.

On April 25, 2018, Plaintiffs again informed the Court that Defendants were derelict in their discovery obligations. Defendants had not responded to document requests or submitted answers to interrogatories. *See* ECF No. 89. Plaintiffs also moved for judgment as to liability under the fraud on the Court doctrine, arguing that Defendants have falsely denied factual allegations, provided knowingly false testimony during jurisdiction discovery, and willfully withheld responsive documents. ECF Nos. 91 & 92. This motion remains pending.

Rather than ensure that Defendants made good on their discovery obligations, Defendants[3] instead moved to dismiss or "transfer venue" for forum non conveniens. In this motion, Gibbs argued that the Court must dismiss the case under Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party or, in the alternative, the doctrine of forum non conveniens "in favor of transferring venue to [t]he Supreme Court of the Bahamas, and award Defendants costs and attorney's fees." ECF No. 93. Despite the pendency of this case for

---

[3] Notably, the motion to dismiss is titled "Southern Air Charter Company, Ltd. et al's motion to dismiss and request for transfer of venue." ECF No. 93. However, the motion itself indicates that the motion is brought by "Defendant Alpha Gibbs," and the reply and surreply brief in support were also filed by Gibbs. *See* ECF Nos. 93, 104, 113. The closing paragraph of the initial motion, however, again indicates that it is brought by Defendant "Southern Air Charter, Ltd., et al." Further adding to the confusion, the Court's docket indicates the initial motion and reply to Plaintiffs' opposition brief as brought by Defendant Alpha Gibbs. *See* ECF Nos. 93, 104, 113. Because the majority of the pleadings indicate the dismissal motion was brought on Gibbs' behalf, the Court will hereafter refer to it as "Gibbs' motion."

**eighteen months**, Gibbs raised for the first time that venue was more proper in the Bahamas. He provided no explanation for the significant delay in so moving.

During a recorded status conference on May 8, the Court granted Plaintiffs' motion to compel discovery, ECF No. 89, and ordered Defendants to answer interrogatories and produce all responsive documents — and specifically corporate Defendants' insurance policies — no later than close of business on May 15, 2018, or risk all available sanctions, to include default judgment. ECF Nos. 95 & 96. Gibbs also was directed to personally appear before the Court to show cause as to the delay. ECF Nos. 95 & 96. The Court also granted Plaintiffs' motion to file an amended Complaint, adding a fifth count against Defendants. *See* ECF No. 108.

On May 24, Plaintiffs filed yet another motion to compel discovery, informing the Court that despite the Court's May 8 Order setting a final production of May 15, Defendants had only provided ten additional pages of responsive documents, consisting of: a single invoice from Fergs Air; the decedent's travel itinerary; the passenger manifest for the subject flight, flight 302; a three-page incident report about the accident, prepared by a Southern Air employee; and several pages of correspondence from Southern Air employees with an unknown insurance entity regarding property lost on flight 302. *See* ECF No. 100. Stunningly, Defendants had yet to confirm whether Defendants maintained insurance. *See* ECF No. 100. Further, the vast majority of Defendants' responses were inadequate and objections were overbroad. *See* ECF No. 100-2.

On May 29, 2018, Defendants opposed Plaintiffs' motion to compel, and produced an additional forty pages in discovery, including two purported insurance policies. ECF Nos. 105, 105-1, 105-2. Defendants argued that this document production, together with the ten pages submitted earlier in the month, satisfied all discovery obligations and mooted the motion to compel. ECF No. 105 at ¶ 1. The Court has now reviewed the documents and finds that they are

7

disorganized and not produced consistent with Rule 34 of the Federal Rules of Civil Procedure, which requires that the responsive party either indicate which documents are responsive to each specific numbered request or affirm that the documents have been produced as they are kept in the usual course of business. *See* Fed. R. Civ. P. 34(b)(2)(E). Nor did Defendants' submit Gibbs' sworn affirmation that the documents were produced after diligent search, as previously ordered. *See* ECF No. 68.

On May 30, 2018, the Court held a hearing regarding Defendants' continued failure to comply with discovery and the Court's orders. At the hearing, Defendants' counsel represented that Defendants' failure to timely comply with the Order was because Gibbs produced responsive documents to defense counsel via email on May 12, but that this transmission inexplicably went into the "spam" folder of counsel's email account. The email then went unnoticed for over a week, at which point the documents were provided to Plaintiffs. ECF No. 110. Defendants' counsel also represented at the May 30 hearing that he had not communicated with anyone at Southern Air Bahamas *at all* during this litigation, and thus had not coordinated whatsoever with Southern Air Bahamas employees, aside from Gibbs, regarding Southern Air Bahamas' discovery obligations. *See* ECF No. 110.

The Court then questioned Gibbs directly as to the persistent discovery deficiencies. The Court also permitted Plaintiff to ask questions designed to determine, once and for all, whether available insurance existed. Gibbs testified that the insurance policies were valid, but that he had not placed the insurance carrier on notice of this litigation, nor did he have personal knowledge of any other officer of Southern Air Bahamas notifying their insurance provider of this case. ECF No. 110.

The Court then turned to the pending dismissal motion. Defendants confirmed that this case in the Bahamas is subject to a three-year statute of limitations. Defense counsel also admitted that limitations had expired, thus directly contradicting his written pleadings. *See* ECF No. 104 at 3–5. Defendants further conceded that the eighteen month discovery saga — which was largely of Defendants' own making — effectively ran the limitations clock, barring the filing of suit in the Bahamas. Several days after the hearing, on June 4, and without seeking the requisite leave of Court, Gibbs filed a surreply in support of the forum non conveniens motion. *See* Loc. R. 105.2(a); ECF No. 113. Plaintiffs then filed the pending motion to strike the surreply. ECF No. 114.

## II. ANALYSIS

### a. *Failure to join an indispensable party*

Federal Rule of Civil Procedure 12(b)(7) requires dismissal for failure to join a party deemed indispensable under Rule 19. *See* Fed. R. Civ. P. 12(b)(7); Fed. R. Civ. P. 19. Rule 19, as amended in 2007, requires a two-part inquiry for determining whether a court must dismiss an action for failure to join an indispensable party. First, a court must determine whether the person is "required" under Rule 19(a). *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). Importantly, it "has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (citing cases); *see also* R. Civ. P. 19(a) advisory committee's note to 1966 amendment (stating "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability"). If the absent party is required, the court must order its joinder and the action may continue. However, if joinder is required but is not feasible, the court must then determine under Rule 19(b) whether the party is

"indispensable" such that the action must be dismissed. *Wood*, 429 F.3d at 92. Dismissal for non-joinder is a remedy employed with great reservation, and "only when the defect cannot be cured and serious prejudice or inefficiency will result." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968). The moving party bears the burden of demonstrating that the absent party must be joined. *Wood*, 429 F.3d at 92.

Here, Defendants argue that Fergs Air is a necessary party under Rule 19, but do not marshal any evidence by which this Court can find Fergs Air to be indispensable. *See* ECF Nos. 93 & 104. Rather, as Plaintiffs rightly point out, the Complaint's allegations, as well as the evidence generated during jurisdictional discovery, demonstrate that Fergs Air is at best a joint tortfeasor, which may, but need not, be joined. ECF No. 98 at 15–16. Given Defendants' failure to rebut these facts, "no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied." *See Temple*, 498 U.S. at 8; *Wood*, 429 F.3d at 92. Defendants' motion to dismiss under Rule 12(b)(7) is DENIED.

      b. *Forum Non Conveniens*

Under the common law doctrine of forum non conveniens, dismissal of an action is only compelled where "an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish oppressiveness and vexation to the defendant out of all proportion to the plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (internal quotation marks and alterations omitted) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).

"A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping*

*Corp.*, 549 U.S. 422, 430 (2007); *see also Piper Aircraft*, 454 U.S. at 255–56. This deference is particularly acute where, as here, the plaintiff is a United States citizen and a defendant is the resident of the forum he seeks to have declared inconvenient for litigation. *DiFrederico v. Marriott Intern., Inc.*, 714 F.3d 796, 802–03 (4th Cir. 2013) ("A citizen plaintiff's choice is preemptively convenient, and should be overridden only when the defendant 'establish[es] such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent.'") (quoting *Koster*, 330 U.S. at 524); *Galustian v. Peter*, 591 F.3d 724, 732 (4th Cir. 2010).

Courts analyze forum non conveniens dismissal using a two-step approach. First, the court must consider whether an alternative forum is adequate and available. *See Piper*, 454 U.S. at 254 n. 22; *see also In re Compania Naviera Joanna S.A.*, 531 F. Supp. 2d 680, 684–85 (D. S.C. 2007), *aff'd* 569 F.3d 189 (4th Cir. 2009), *cert denied* 558 U.S. 1112 (2010). If the alternative forum is available and adequate, the court then considers multiple factors to determine whether dismissal is in the interests of the private litigants as well as the public. *See Piper*, 454 U.S. at 257–61. At this stage, Defendants must "establish such oppressiveness and vexation" would result from not trying the case in the requested forum that is "out of all proportion to plaintiff's convenience." *DiFrederico*, 714 F.3d at 802–03.

Defendants have failed to establish that the Supreme Court of the Bahamas is an available and adequate forum for this case. *See* ECF Nos. 93 & 98. Gibbs contends this action can be pursued under the Bahamian Fatal Accidents Act ("BFAA"). This statute requires suit to be filed within three years from the date of the death caused by the fatal accident. *See* ECF Nos. 98 & 113. Where limitations have expired in the alternate forum, dismissal under forum non conveniens is precluded. *See Compania Naviera*, 569 F.3d at 202–03 (holding that the

11

expiration of the statute of limitations in the alternate forum did not bar dismissal where plaintiffs deliberately allowed the deadline for filing claims to pass); *see also DiFrederico*, 714 F. 3d at 801; *Kontoulas*, 745 F.2d at 316. Because the December 2, 2014 crash killed Loring that day, Plaintiffs would have to have filed its BFAA claim by no later than December 2, 2017. Simply put, limitations have long expired. *See* ECF Nos. 98-1, 98-2, 98-3.

Gibbs also does not put forward any evidence supporting whether a Bahamian court could or would waive the BFAA's statute of limitations. *See* ECF Nos. 93 & 104. To the contrary, Gibbs has inexplicably claimed that the BFAA's three-year statute of limitations does not apply to this action, *see* ECF No. 104 at 3–5, only then to switch course and argue that in Bahamian courts, "time bar claims are only valid when Defendants affirmatively assert a statute of limitations defense" and Defendants are "entirely willing to waive their statute of limitations defense." ECF No. 113 at 5. Notably, Gibbs' surreply was *not* accompanied by a sworn affidavit to this effect, as is custom in forum non conveniens cases. *See* ECF No. 113. Plaintiffs have now filed a motion to strike the surreply, ECF No. 114, and based on Defendants' failure to provide any good cause for the late filing, the Court GRANTS Plaintiffs' motion to strike. In short, Defendants have given this Court no proof that Plaintiffs could maintain a cause of action in the Bahamas.

Alternatively, even if the Court were to make the leap of faith that suit is viable in the Bahamas, the Court would still deny Defendants' motion. This is because the "relevant public and private interests" in this case do not "strongly favor a specific, adequate, and available alternative forum." *Jiali Tang v. Snutra Intern. Inc*, 656 F.3d 242, 246 (4th Cir. 2011); *see also DiFrederico*, 714 F.3d at 802–03; *Sonoco Products Co. v. Guven*, No. 4:12-790-RBH, 2013 WL 4018612, at *2–*3 (D. S. Ca. Aug. 6, 2013). "[T]he locus of alleged wrongful conduct is just

one of several private and public interest factors that should be weighed to determine whether the alternative forum is more convenient." *Jiali* Tang, 656 F.3d at 252. The Court addresses the competing interests below.

Under forum non conveniens doctrine, the private interests for consideration include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241 n. 6; *see Jiali Tang*, 656 F.3d at 246. Here, two of the three Defendants are citizens of Maryland, and Southern Air Bahamas conceded in its answer that it is also "at home" in Maryland. *See* ECF Nos. 71, 72, 73; *contra In re Compania Naviera*, 531 F. Supp. 2d at 689 (noting that the "United States has absolutely no connection to the events giving rise to this action. None of the parties is a United States entity or citizen. Neither vessel was registered in the United States. [. . .] No United States citizens are in fact witnesses.").

Further, while much of the evidence pertaining to the accident may be located in the Bahamas, many of the pertinent documents are in the Defendants' possession or should be easily available to them.[4] This is especially the case where Defendants have conceded that all communications regarding this case between counsel and the corporate defendants has been facilitated by Alpha Gibbs, who resides and works in Maryland. Defendants have further demonstrated that it can, and has, submitted in discovery documents obtained from Air Bahamas via email. Accordingly, even if paper copies of relevant discovery are housed in the Bahamas, the documents may be inexpensively transmitted to the United States. *Accord Sonoco Products*

---

[4] In particular, given Gibbs' *extensive* involvement in the management of both corporate Defendants, Gibbs should have access or should not have any difficulty obtaining all records possessed by Southern Air Maryland and Southern Air Bahamas.

13

*Co.*, 2013 WL 4018612, at *3 (citing *Calvao Growers of Calif. v. Belgium*, 632 F.2d 963, 969 (2d Cir. 1980) (Newman, J. concurring). The parties also agree that inspection of the aircraft is highly improbable because the damaged airplane sunk and was deemed unrecoverable. ECF No. 98 at 12–13; *see also* ECF No. 98-5.

Additionally, with respect to availability of witnesses in this action as compared to the Bahamas, the Court notes that seven of the eleven passengers on flight 302 are American citizens and so would be subject to this Court's compulsory process. *See* ECF No. 98-5. Defendants have also agreed to make Southern Air Bahamas and Southern Air Maryland witnesses available for depositions in Massachusetts. Whatever remaining witnesses or evidence not otherwise addressed may be compelled through the well-outlined procedure provided under Bahamian law. *See* ECF No. 98-5. Plaintiffs have already hired Bahamian counsel to expedite this process, and submitted their first request for production on June 19, 2018. *See* ECF Nos. 98 at 13, 98-3, 118.

Defendants also argue that their pending suit against Fergs Air in the Supreme Court of the Bahamas concerning the December 2, 2014 airplane crash weighs in favor of dismissal so as to avoid having to litigate two cases at once. *See* ECF Nos. 103 & 104. The Court is mindful of the difficulties inherent in simultaneous litigation of multiple, complex civil lawsuits. However, it is noteworthy that Defendants filed their action against Fergs Air *well after* litigation in this matter commenced, and so this burden is largely one of Defendants' own creation. *See* ECF No. 116. The ongoing action in the Supreme Court of the Bahamas against Fergs' Air does not outweigh Plaintiffs' competing interests.

Nor does dismissal further the public interest. Defendants do not argue that any of the customary public interest concerns are at play here. *Piper Aircraft*, 454 U.S. at 241 n. 6; *see also Jiali Tang*, 656 F.3d at 249. Nor do Defendants contend that the Court will be required to apply

Bahamian law to adjudicate this dispute; and even if the Court must, it is capable of applying laws of other fora. *See* ECF Nos. 93, 104, 113. Plaintiffs further note that damages in this action will be determined by the Death on the High Seas Act ("DOHSA"), which will require the application of United States maritime law. *See generally* ECF Nos. 93, 104; *see also* ECF No. 98 at 10 n.3; 46 U.S.C. §§ 30301-08 *et seq.* Moreover, the public interest in resolving domestically a serious case involving death and injury to several United States citizens, allegedly caused by the acts and omissions of one Maryland corporation and Maryland citizen, outweighs any non-specific concern for "Bahamian tourism." *See* ECF Nos. 93, 98, 104; *contra Jiali Tang*, 656 F.3d at 252–53 (affirming dismissal where the plaintiffs were all Chinese citizens and residents, the district court was likely to encounter complex issues of Chinese law, and China clearly had a greater interest in the dispute); *Compania Naviera*, 569 F.3d at 200–05 (affirming dismissal under forum non conveniens where the record showed that a collision between two foreign-corporation owned ships" ha[d] absolutely no connection" to the United States). The Court's considerable familiarity with this case also promotes a just and efficient use of judicial resources by continuing the action here, rather than having the parties begin anew in the Bahamas.

    A final word on Defendants' motion: The Court is especially reluctant to grant dismissal in light of Defendants' persistent and protracted dilatory conduct. It does not go unnoticed that Defendants initially filed their motion to dismiss for lack of personal jurisdiction — only to abandon it — after months of discovery battles that were wholly of Defendants' making. This is reflected in the Court granting Plaintiffs' numerous motions to compel discovery, imposing sanctions against Defendants, and order holding Defendant Alpha Gibbs in *contempt*. *See* ECF Nos. 64, 65, 78. Through transparent foot dragging, Defendants were able to run down the

limitations clock on any companion suit in the Bahamas, and only then file their motion to dismiss for forum non conveniens. *See* ECF No. 93. Such calculated efforts to thwart the prosecution of this case cannot be countenanced. *Accord. Compania Naviera*, 569 F.3d at 202–03.

Accordingly, because Defendants have not sustained their burden show why dismissal is warranted for forum non conveniens, the motion is DENIED.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike Defendants' surreply is GRANTED and Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) and the common law doctrine of forum non conveniens is DENIED. A separate Order follows.

| | |
|---|---|
| 6/26/2018 | /s/ |
| Date | Paula Xinis<br>United States District Judge |