# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AILA TUULIKKI LORING, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 8:16-cv-03844-PX |
| SOUTHERN AIR CHARTER COMPANY, LTD., *et al.*, | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court are Defendants' motion to amend their answer (ECF No. 154), Defendants' motion to withdraw their offer on the location of depositions (ECF No. 155), and Plaintiffs' Bill of Costs and Attorney's Fees. ECF No. 66. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court denies Defendants' motions (ECF Nos. 154, 155) and grants in part and denies in part Plaintiffs' Bill of Costs. ECF No. 66.

**I.     Background**

The Court has written extensively on this case and so will summarize the facts and procedural posture relevant to the pending motions.

On December 2, 2014, Seldon Loring was killed when traveling on an aircraft that crash-landed in the ocean off the coast of the Bahamas. ECF No. 109 ¶ 39. Seldon Loring had purchased his ticket from Southern Air Charter Company, Ltd. ("Southern Air Bahamas"), but was told to board a plane registered to Fergs Air Limited ("Fergs Air"). *Id.* ¶¶ 30–31. On November 30, 2016, Seldon Loring's wife, Aila Tuulikki Loring, and their two children, Leila Loring and Jaana Loring Melia, brought a wrongful death action under the Death on the High

Seas Act, 46 U.S.C. § 762 *et seq.*, against Southern Air Bahamas, Southern Air Charter Company, Ltd. ("Southern Air Maryland"), and Alpha Gibbs ("Gibbs"). ECF No. 1. According to Plaintiffs, Gibbs incorporated Southern Air Maryland and serves as chief financial officer of Southern Air Bahamas. ECF No. 109 ¶¶ 5, 21.

Southern Air Bahamas contested personal jurisdiction (ECF No. 12), and the Court granted jurisdictional discovery. ECF No. 31. After Defendants' repeated, willful failures to comply with such discovery, the Court found that Southern Air Bahamas waived its objection to personal jurisdiction. ECF No. 65 at 2. The Court thus found that it retained personal jurisdiction over all Defendants and ordered Gibbs and Southern Air Bahamas to answer the Amended Complaint by no later than February 1, 2018. *Id.* at 3. Defendants timely answered. ECF Nos. 67, 71–73;[1] *see also* Fed. R. Civ. P. 12(a)(4) ("*Unless the court sets a different time*, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . . .") (emphasis added).[2]

The Court also granted sanctions against Gibbs and ordered payment of "all reasonable expenses in connection with: 1. Preparing and filing all pleadings (including letter pleadings) relevant to the delinquent discovery production; 2. All lodging and transportation costs for Plaintiff's counsel to attend the January 25 and February 1, 2018 hearings." ECF No. 65. Plaintiffs have submitted a Bill of Costs for the Court's approval. ECF No. 66.

Recognizing the grave error of their ways, Defendants extended a discovery olive branch

---

[1] Defendants filed a joint answer at ECF No. 67, and subsequently individually filed identical answers at ECF Nos. 71–73. The Court will hereafter refer to Defendants' joint answer as ECF No. 67, as it was the first filed and is without difference from the others.

[2] Although Southern Air Maryland was not ordered to file an amended answer, and did so regardless, the Court will not at this point "unduly waste resources" by requiring Southern Air Maryland to seek such leave. *See Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F. Supp. 2d 481, 486–87 (D. Md. 2006).

to Plaintiffs, offering "to travel to Massachusetts [where Plaintiffs' counsel is located] for any deposition." ECF No. 145 at 41; ECF No. 146 at 17; ECF No. 79 at 3. The parties memorialized this agreement both in writing and in open court. Defendants have since hired new counsel who now wish to withdraw this offer, arguing that the scope of the offer was unclear and the cost associated with such travel excessive. ECF No. 155. Defendants, through new counsel, also seek to amend their answer to the Amended Complaint to withdraw certain concessions and provide "accurate and fair responses." ECF No. 154 at 1. The Court addresses each pending motion in turn.

## II. Motion to Amend Complaint

A plaintiff may amend pleadings only once without leave of court, if the plaintiff complies with specified timeframes. Fed. R. Civ. P. 15(a).[3] Thereafter, courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied, however, when allowing amendment would "be prejudicial to the opposing party, when the moving party has acted in bad faith or with a dilatory motive, or when the amendment would be futile." *Arora v. James*, 689 F. App'x 190, 190 (4th Cir. 2017) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)) (internal quotation marks omitted).

Southern Air Maryland filed its first answer on January 16, 2017. ECF No. 13. Rather than answer, Southern Air Bahamas and Gibbs filed motions to dismiss. ECF Nos. 11–12. The motions were withdrawn on June 12, 2017, and Defendants were permitted refile them at the close of jurisdictional discovery. ECF No. 38. After the Court found that personal jurisdiction

---

[3] Rule 15(a)(1) provides, "A party may amend its pleadings once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

3

was waived on January 25, 2018 (ECF No. 65 at 2), on January 31, 2018, Defendants timely answered. ECF Nos. 67, 65 at 3; *see also supra* nn. 1–2. Nearly nine months later, Defendants seek leave to amend this answer, or alternatively, to allow Southern Air Maryland's first answer to function as the answer for all Defendants. ECF No. 154 at 17 n.13.

Defendants argue that leave to amend should be granted because prior counsel made inaccurate and unauthorized admissions in the January 2018 answer. ECF No. 154 at 4. Of particular note, Defendants now attempt to deny that Southern Air Bahamas and Southern Air Maryland "were the alter-ego of each other and operated in concert as a single corporate entity." ECF No. 154-4 ¶ 28. Defendants also attempt to deny that the crashed flight was "Southern Air Flight 302," and instead wish to name it a Fergs Air flight. *Id.* ¶ 58. Finally, Defendants seek to include defenses, including that the Court lacks personal jurisdiction and that Maryland is an inconvenient forum, although both issues were resolved by the Court and neither defense is marked as new material in the redlined copy of the proposed answer. *Id.* at 49; ECF No. 65 at 2 (personal jurisdiction); ECF Nos. 120–1 (forum non conveniens); *see also* Loc. R. 103.6.c (requiring new material in an amended pleading to be underlined or set forth in bold-faced type).

Plaintiffs rightfully respond that they spent nearly two years "endeavoring to prove that the two Southern Air entities were one and the same, while defendants stonewalled discovery" before eventually conceding the point. *Id.* Accordingly, to allow amendment now—so that Defendants may contest that which has been admitted—would work substantial prejudice on Plaintiffs. ECF No. 157 at 6–7. Plaintiffs also argue that a change in counsel is insufficient reason to permit amendment. *Id.* at 4, 11. For the following reasons, the Court will not allow Defendants to unring this bell.

It is beyond dispute that Defendants "substantially stalled the progress of this case and

4

placed Plaintiffs at a distinct disadvantage for several months" (ECF No. 65 at 2). Although "[m]ere delay" is insufficient to deny leave to amend, *Barnes Grp., Inc. v. C & C Prods., Inc.*, 716 F.2d 1023, 1035 n.35 (4th Cir. 1983), Defendants have done far more. For over two years, Defendants' machinations have obfuscated court processes and stonewalled discovery so significantly that the Court had to hold a contempt proceeding and impose sanctions. ECF No. 65. The Court will not permit Defendants to build upon the prejudice visited on Plaintiffs by allowing them to "redo" their answers. Nor does a change in counsel entitle Defendants to amendment. *Rangarajan v. Johns Hopkins Health Sys. Corp.*, No. WMN-12-1953, 2015 WL 1712270, at *3 (D. Md. Apr. 14, 2015) ("[T]he fact that she has now retained new counsel is of no significance."); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

Accordingly, the Court denies Defendants' motion for leave to amend their answers. ECF No. 154. The Court also denies Defendants' request to permit Southern Air Maryland's original January 2017 answer to function as the answer for all Defendants. Rather, the Answer filed pursuant to this Court's order (ECF No. 67) is the current operative answer for each Defendant.

### III. Motion to Withdraw Offer on Deposition Location

Defendants seek to withdraw their offer to conduct depositions in Massachusetts. ECF No. 155. Defendants contend that prior counsel's offer was not unauthorized by his clients, was unclear in scope, and was excessively costly. *Id.* at 1–2. The Court is unmoved.

Defendants offered to travel to Massachusetts to gain tactical advantage in mitigating court-imposed sanctions arising from their discovery failures. ECF No. 79 ¶ 7. Defendants knew the costs associated with conducting depositions in Massachusetts; indeed, that is the very reason the offer was made and accepted. They cannot now renege. ECF No. 159 at 1;

5

*Rangarajan*, 2015 WL 1712270, at *3.

On numerous occasions, prior counsel affirmed as an officer of the Court, at times with his client, Alpha Gibbs, sitting beside him, that Defendants were willing to conduct depositions in Boston. He stated, "I want to be serious that we are willing to come to [Plaintiffs' counsel] for depositions to cut down on cost." ECF No. 145 at 10. And, "I hope that your Honor would keep an open mind that . . . we're willing to incur the cost to go up there as opposed to him coming to Maryland." ECF No. 145 at 41. And, "[W]e're hopeful that you will consider our good faith effort and agreement to go to Massachusetts for depositions." ECF No. 146 at 16–17. And, "As indicated in Court on February 1st, the Defendants are willing to travel to Massachusetts for *any deposition* and therefore, any sanctions should be reduced by the same amount of the Plaintiff's attorney charged to come to Maryland." ECF No. 79 ¶ 7 (emphasis added).

Counsel's statements are not ambiguous. Nor can the Court accept that counsel's repeated offers were somehow "without authority." Defendants cry confusion because prior counsel did not specifically name which individuals would be deposed in Massachusetts. ECF No. 155 at 1. However, the representation that "Defendants are willing to travel to Massachusetts for *any deposition*" clearly includes all individuals who may be deposed. *See* ECF No. 79 ¶ 7 (emphasis added). Defendants must honor the agreement.

Defendants further maintain that, presumptively, corporate designee depositions must be conducted at the corporation's principal place of business. *See, e.g.*, *Goldstein v. Lincoln Nat'l Life Ins. Co.*, No. WMN-09-CV-706, 2010 WL 11549757, at *1 (D. Md. Aug. 2, 2010). But this presumption may be overcome. Courts generally look to the following factors to make this determination:

> 1) the location of counsel for both parties in the forum district; 2) the number of corporate representatives a party is seeking to depose;

6

> 3) the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; 4) whether the persons sought to be deposed often engage in travel for business purposes; 5) whether the defendant has filed a permissive counterclaim; and 6) the equities with regard to the nature of the claim and the parties' relationship.

*Id.*

Although the Court is not wholly convinced these factors guide the analysis where parties voluntarily chose a deposition location that was adopted by the Court in connection with a sanctions proceeding,[4] even if considered, the factors nonetheless weigh in favor of conducting the depositions in Massachusetts. The parties' discovery history is a tortured one, fraught with peril going forward. ECF No. 65 at 2. As between taking depositions in Massachusetts, where Plaintiffs' counsel is located and which provides easy access to the United States Courts, and in the Bahamas, where no counsel is located and not in the United States, the equities in this case readily demonstrate that the depositions should be taken in Massachusetts. The motion is denied. ECF No. 155.

## IV. Bill of Costs and Attorney's Fees

Finally, pending before the Court is Plaintiffs' Bill of Costs and Attorney's Fees to be assessed as sanctions against Defendant Gibbs. The Court previously ruled that "Defendant Gibbs will be ordered to pay all reasonable expenses in connection with: 1. Preparing and filing all pleadings (including letter pleadings) relevant to the delinquent discovery production; 2. All lodging and transportation costs for Plaintiff's counsel to attend the January 25 and February 1, 2018 hearings." ECF No. 65 at 2. With this ruling as guidance, the Court reviews the fee petition.

---

[4] One exception to the deposition agreement is Alpha Gibbs' deposition, which the Court ordered to occur in this Courthouse in the event the parties required immediate and in-person Court intervention. ECF No. 145 at 41.

Plaintiffs seek a total recovery of $27,504.74. ECF No. 66 at 3. Plaintiffs assert that their attorneys expended 75.8 hours related to Defendants' discovery violations. *Id.* However, a careful review of the attorney timesheets reveal that many hours were spent on tasks beyond the scope of the imposed sanctions. For example, communications with opposing counsel and time attending the hearing are not hours spent preparing and filing pleadings relevant to delinquent discovery. Furthermore, the Court will not assess costs for time spent preparing and filing an unapproved surreply. *See* Loc. R. 105.2.a ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). Accordingly, the Court assesses as costs the time attorney Musacchio spent: preparing and drafting motions to compel (5.5 hours, 3 hours), reviewing and analyzing Defendants' opposition (0.3 hours), and drafting the reply (3.5 hours). For attorney Benett's time, the Court assesses as costs time spent drafting a letter to the Court (2.3 hours) and drafting a motion to compel (0.9 hours). For attorney Tarricone's time, the Court assesses as costs time spent conferring with co-counsel about motions to compel (0.3 hours, 1 hour) and reviewing the motion (0.5 hours). The Court excludes attorney Plaxen's time as beyond the scope of the sanctions order. A total of 17.3 hours are awarded.

Plaintiffs' attorneys seek compensation at a rate of $350 per hour, significantly below counsels' typical hourly rates of $750 and $500 per hour. ECF no. 66 at 2–3.[5] Tarricone and Musacchio each have over twenty years of experience and Benett has over fifteen years of experience. Pursuant to this Court's Local Rules, the hourly rate of $350 for each attorney is presumptively reasonable. *See* Loc. R. App. B. Thus, the Court assesses $6,055 (17.3 x $350) in attorneys' fees.

Plaintiffs also seek $974.74 in travel expenses for transportation and lodging. ECF No.

---

[5] Plaintiffs do not provide information on attorney Plaxen's hourly rate or years of experience. However, because the Court is not including any of Plaxen's time in the sanctions, such information is irrelevant.

66 at 3. Defendants' sole complaint to such costs is that Plaintiffs' counsel stayed in a nicer hotel than necessary. ECF No. 79 ¶ 6. Plaintiffs' travel expenses fall squarely within the scope of the Order imposing sanctions (ECF No. 65 at 2), were not extravagant, and so are awarded.

Altogether, the Court orders that Defendant Gibbs pay as a sanction $7,029.74 to Plaintiffs. Defendants ask the Court to reduce this number by $4,000 for the expense of deposing Defendants in Massachusetts. ECF No. 79 ¶¶ 7–8. The Court declines. The Court limited the scope of the sanctions award in light of the deposition agreement. To reduce the amount of sanctions here would gut that agreement, which had been offered to mitigate sanctions on the front end. *See* ECF No. 65. Defendants have received favorable consideration in that respect; they will not reap the benefit twice. Gibbs must pay Plaintiffs $7,029.74 within fourteen days of this Memorandum Opinion and Order.

## V. Conclusion

For the foregoing reasons, the Court denies Defendants' motions to amend their answer (ECF No. 154) and to withdraw the offer on the location of the depositions. ECF No. 155. The Court awards Plaintiffs $7,029.74 in costs and attorney's fees against Defendant Alpha Gibbs. A separate Order follows.

1/11/2019_____  \_\_\_/S/_____
Date                                                                     Paula Xinis
                                                                                United States District Judge